UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASAL SALLY MANOUCHEHRI, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STYLES FOR LESS, INC., a California corporation, and DOES 1 through 20,<br><br>Defendant. | Case No.: 14cv2521 NLS<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION**<br><br>**[Dkt. No. 63]** |

1

Plaintiffs Asal Manouchehri and Pooneh Mehrazar-Arzani filed this putative class action seeking recovery on behalf of themselves and other customers of defendant Styles for Less, Inc. for violation of the Telephone Consumer Protection Act (TCPA). Plaintiffs now seek an order: (1) preliminarily approving the parties' proposed Settlement Agreement; (2) provisionally certifying the Class for settlement purposes only; (3) appointing Asal Sally Manouchehri and Pooneh Mehrazar-Arzani as Class Representatives; (4) appointing James R. Patterson of Patterson Law Group, APC and Evan M. Meyers of McGuire Law, P.C. as Class Counsel; (5) approving the form and dissemination of notice to Class Members; and (6) scheduling a final approval hearing. Pl. Mem. 2:1-6. The parties also jointly move for leave to file an amended complaint, adding Pooneh Mehrazar-Arzani as a plaintiff to this action. For the following reasons, this Court **GRANTS** Plaintiffs' motion for preliminary approval, and **GRANTS** the joint motion for leave to file an amended complaint.

## I.      Leave to File Amended Complaint

On October 22, 2014, plaintiff Manouchehri filed a class action in the U.S. District Court for the Southern District of California, alleging violations of the TCPA by Styles for Less. Pl. Mem. 3:4-5. On August 4, 2015, plaintiff Mehrazar-Arzani filed a class action in the U.S District Court for the Central District of California, alleging similar violations of the TCPA by Styles for Less. *Id.* at 3:7-8. In this motion, the parties jointly request leave to file an amended complaint adding plaintiff Pooney Mehrazer-Arzani to this action. *Id.* at 1, n.2. For good cause shown, the Court **GRANTS** this joint motion and **ORDERS** Plaintiffs to file Exhibit 2 of the James R. Patterson declaration as the first amended class action complaint by June 27, 2016.

## II.     Relevant Background

### A. Procedural Background

Plaintiffs allege that defendant Styles for Less, a retailor, obtained phone numbers from its customers through its website and in its stores, then repeatedly and intentionally sent marketing and advertising text messages to its customers' cell phones. Compl. 1:27-

28-2:6-10. Plaintiffs assert that Defendant sent them advertising and marketing text messages using an automatic telephone dialing system without their granting of prior consent to receiving these messages, in violation of the TCPA[1] and 47 C.F.R. § 64.1200[2]. *Id.* at 4:23-28. Plaintiffs filed a class action on behalf of themselves "and all others similarly situated pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3)," which includes:

> All consumers who received a text message from styles for less from October 16, 2013, to December 15, 2015, which text message was not made for emergency purposes, was not made by a tax-exempt nonprofit organization, did not deliver a health care message, or was not made with the recipient's prior express written consent.

Compl. 12:1-6. In approaching the deadline to complete class discovery, the parties consented to participating in a full day mediation session presided over by former federal Magistrate Judge Edward Infante, Ret., of JAMS-San Francisco on September 14, 2015. Pl's Mem. 3:18-20. Judge Infante then "made a mediator's proposal for a class-wide settlement, which was ultimately accepted by all Parties." Pl's Mem. 3:22-24. Plaintiffs subsequently filed this unopposed motion for preliminary approval of the class action Settlement.

## B. Settlement Terms

Under the terms of the Settlement, defendant agrees to pay a $3,600,000 Settlement Fund to satisfy awards to class members, class representative payments, class counsel fees and litigation expenses, and settlement administrative costs. Patterson Decl. Ex. 1, at 6. Class members have the option of receiving a pro-rated Cash Award of up to

---

[1] The TCPA makes unlawful the sending of text messages using an "automatic telephone dialing system." 47 U.S.C.A. § 227(b)(1)(a); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009).

[2] No entity may send a text message "that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system" without "prior express written consent" of the receiving party. 47 C.F.R. § 64.1200.

$10 cash, or a $15 Voucher Award that is fully transferable, does not expire, and is as good as cash toward merchandise at Styles for Less retail stores. *Id*; Pl. Mem. 11:16-18. Known class members—those members for whom Defendant has a name and home or email address on file—will receive the Voucher Award that may be used immediately upon receipt, along with a Claim Form and Summary Notice. Patterson Decl. Ex. 1, at 4, 6. If these known class members select the Cash Award rather than the Voucher Award, they must return the Voucher Award and the Claim Form indicating their selection. *Id.* at 11. Each known class member who fails to timely submit a Claim Form will be deemed to have elected the $15 Voucher Award. *Id.* Those unknown class members for whom defendant cannot reasonably obtain a home or email address may submit a timely Claim Form indicating whether they choose to receive the Cash Award or the Voucher Award. *Id.* at 5. If an unknown class member fails to elect either the Cash Award or the Voucher Award on an otherwise valid and timely Claim Form, Defendant will issue that class member a Voucher Award. *Id.* However, unknown class members who fail to submit a valid and timely Claim Form will not be entitled to a Cash Award or Voucher Award. *Id.*

In addition to receipt of a cash or voucher award, "the Settlement provides for entry of a permanent injunction against [defendant], prohibiting text message marketing without obtaining the prior express written consent of the text message recipients." Pl. Mem. 5:12-15 (citing Settlement Agreement, § III(F)). Also, Defendant will pay each Plaintiff an incentive award of up to $7,500 for pursuing this litigation on behalf of the class, and will pay attorney fees of up to $900,000 to Class Counsel, subject to the Court's approval. Patterson Decl. Ex. 1, at 7. The parties have selected a Claims Administrator and determined a procedure for notice to class members of their options to receive settlement benefits, opt out of the Settlement, or object to the Settlement. Pl. Mem. 6:22-24.

### III.   Preliminary Approval of Class Action Settlement

Under Federal Rule of Civil Procedure 23(e), a class action settlement must be approved by the court. Review of a class action settlement generally consists of a

preliminary approval hearing and a fairness hearing. *True v. Am. Honda Motor Co.*, 749 F. Supp. 2d. 1052, 1062 (C.D. Cal. 2010). "At the preliminary approval stage, a court determines whether a proposed settlement is 'within the range of possible approval.'" *Id.* (citing *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 205 (5th Cir. 1981)). The judge must determine whether the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23(a) and at least one subsection of Rule 23(b). Manual for Complex Litigation, § 21.632 (4th ed. 2004). A settlement can then be accepted if the judge approves the form and manner of notice and makes "a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms" pursuant to Federal Rule of Civil Procedure 23(e)(2). *Id.*

## A. Conditional Class Certification

To obtain a Conditional Class Certification from the Court, the Class Action must comply with the rigorous standards set forth by Federal Rule of Civil Procedure 23(a) and 23(b)(1), (2), or (3). *Anchem Products, Inc., v. Windsor*, 521 U.S. 591, 614 (1997); *Wal-Mart Stores Inc. v. Dukes*, 564 U.S. 338, 345 (2011).

### 1. Compliance with Federal Rule of Civil Procedure 23(a)

For class certification in a class action lawsuit, a class must meet the prerequisites of numerosity, commonality, typicality, and adequate representation under Rule 23(a) as follows:

Rule 23. Class Actions

> (a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> > (1) the class is so numerous that joinder of all members is impracticable;
> > (2) there are questions of law or fact common to the class;
> > (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> > (4) the representative parties will fairly and adequately protect the interests of the class.

/ / /

### a. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable" in order to qualify as a class action. Styles for Less records show that it transmitted text messages to approximately 300,000 consumers throughout the country during the Class Period. Pl. Mem. 15:27-28-16:1 (citing Patterson Decl. ¶ 6). The large estimated number of class members, combined with the fact that it is a national class with members dispersed throughout the country, renders joinder of all members impracticable. Pl. Mem. 16:1-3; *See Braun v. Safeco Ins. Co. of Am.*, 2014 U.S. Dist. LEXIS 184123 (finding that 149 class members meets the numerosity requirement); *Parsons v. Ryan*, 784 F.3d 571, 574 (9th Cir. 2015) (holding that 33,000 class members satisfied the numerosity requirement). The numerosity requirement is thus satisfied here.

### b. Commonality

Under 23(a)(2), there must be "questions of law or fact common to the class" in order to satisfy class action requirements. Courts must apply a "rigorous standard" to this requirement, and must find "a single significant question of law or fact." *Stockwell v. City & County of San Francisco*, 749 F.3d 1107, 1116 (9th Cir. 2014). Claims will satisfy the commonality requirement when the claims "depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 342 (2011).

The action at bar involves only those consumers who received unsolicited text messages from Styles for Less "not made for emergency purposes . . . not made by a tax-exempt nonprofit organization, [which] did not deliver a health care message, or was not made with the recipient's prior express written consent." Patterson Decl. Ex. A, at 1. This action thus contains questions of law or fact common to the entire class, including "(1) whether Styles for Less obtained prior express written consent to send text messages to its customers; (2) whether the text messages were sent by an automatic telephone dialing system; and (3) whether Styles for Less acted willfully in sending the texts." Pl. Mem.

6

16:18-23. All asserted claims concern the same underlying conduct by Defendant and will result in the precise resolution that will pertain to the entire class, satisfying commonality under Rule 23(a).

### c. Typicality

To satisfy Class Action requirements, "the claims or defenses of the representative parties [must be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Because Plaintiffs' injury of receiving unsolicited text messages from the Defendant is the precise injury suffered by all members of the class involved, and arose from the same course of conduct and legal theory, the typicality requirement under Rule 23(a)(3) is satisfied. *See Ellis*, 657 F.3d at 984.

### d. Adequate Representation

Rule 23(a)(4) requires that "the representative parties . . . fairly and adequately represent the interests of the class." Courts make two inquiries in determining whether a party adequately represents a named class of individuals: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Ellis*, 657 F.3d at 985 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). "Adequate representation depends on, among other factors, an absence of antagonism between representatives and absentees, and a sharing of interest between representatives and absentees." *Ellis*, 657 F.3d at 985. A conflict of interest will often arise between representatives and absentees when class members are "divided into conflicting discrete categories" or there is a "difference in severity of personal injury" to each class member. *Hanlon*, 150 F.3d at 1021.

7

It does not appear that there is a conflict of interest among the plaintiffs, their counsel, and other class members. The Settlement Agreement places all class members into one category: those who received non-consensual text messages from defendant. Patterson Decl. Ex. A, at 1. Each class member suffered the same injury as the representatives, receiving proper representation for their injuries. Nor is there any indication that the named plaintiffs did not take vigorous action on behalf of the entire class: "Plaintiff Manouchehri has been actively involved in the litigation…participat[ing] in the litigation and discovery and provid[ing] important information regarding [her] receipt of text messages from [defendant]." Patterson Decl. at 1:7-9. In fact, both plaintiffs Manouchehri and Mehrazar-Arzani "placed the Class's interest before [their] own when [they] rejected Styles for Less's Rule 68 offer of judgment." Pl. Mem. 17:26-28. Moreover, proposed Class Counsel are competent and qualified to vigorously address this action, as they have "extensive experience in major complex litigation, and have been appointed class counsel in consumer class action lawsuits involving cellular phone technology and, in particular, the TCPA." *Id.* at 18:4-8 (citing Patterson Decl. ¶ 8; Meyers Decl. ¶ ¶ 2-5). Thus, this court finds adequate representation at this stage of the action.

### 2. Compliance with Federal Rule of Civil Procedure 23(b)(3)

In addition to satisfying all requirements under Rule 23(a), a proposed class action must satisfy one of the provisions of Rule 23(b). *Anchem*, 521 U.S at 614. Plaintiffs in this case assert that they qualify for class certification for settlement purposes under Rule 23(b)(3). Pl. Mem. 14:24-25. Rule 23(b)(3) permits certification of a class action when it is "not clearly called for" but "may nevertheless be convenient and desirable." *Anchem*, 521 U.S. at 615.

> (b)  Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:
>> (3)  the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods

for fairly and efficiently adjudicating the controversy. The matters
pertinent to these findings include:

> (A)  the class members' interests in individually controlling the
> prosecution or defense of separate actions;
> (B)  the extent and nature of any litigation concerning the
> controversy already begun by or against class members;
> (C)  the desirability or undesirability of concentrating the
> litigation of the claims in the particular forum; and
> (D)  the likely difficulties in managing a class action.

### a.  Predominance of Common Questions of Law or Fact

Because plaintiffs assert class action authorization under Rule 23(b)(3), the court
must find that "the questions of law or fact common to class members predominate over
any question affecting only individual members." Fed. R. Civ. P. 23(b)(3). The
predominance inquiry asks whether "proposed classes are sufficiently cohesive to warrant
adjudication by representation." *See Anchem*, 521 U.S. at 623. "When common questions
present a significant aspect of the case and they can be resolved for all members of the
class in a single adjudication, there is clear justification for handling the dispute" on a
class action basis. *Hanlon*, 150 F.3d at 1022 (citing Wright & Miller, § 1778.) Questions
of law or fact common to class members will predominate over any question affecting
individual members when damages can be calculated on a classwide basis. *See Tyson
Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036 (2016); *Comcast Corp. v. Behrend*, 133 S.
Ct. 1426, 1433 (2013). Correspondingly, when damages are likely to vary among class
members, the class may be insufficiently cohesive to warrant a class action suit. *See
Anchem*, 521 U.S. at 624.

The injury of all class members consists of receiving unsolicited text messages
from Defendant, rendering common questions among class members and resulting in
damages that are unlikely to vary among individuals. Patterson Decl. Ex. A at 1. All
members' claims can be resolved in a single adjudication, and damages can be calculated
on a classwide basis using a common methodology of calculation. Common questions
will thus predominate over individual questions in the instant case.

9

b.  <u>Superiority of Class Action to Other Methods of Adjudication</u>

In addressing the superiority requirement of Rule 23(b)(3), courts must determine whether "the objectives of the particular class action procedure will be achieved in the particular case," and comparatively evaluate "alternative methods of dispute resolution." *Hanlon*, 150 F.3d at 1023. Accordingly, class actions are often the only feasible method of relief for individuals when the potential individual monetary recovery is small in size, satisfying the superiority requirement of Rule 23(b)(3). *See Leyva v. Medline Indus.*, 716 F.3d 510, 515 (9th Cir. 2013).

In the present case, each claim asserted individually, absent a class action, is statutorily limited to $500. Pl. Mem. 19:20-21. Because this monetary relief for each customer who received unwanted text messages is relatively low, individual claims would not be successfully asserted or economically beneficial to class members. *See* Patterson Decl. Ex. 1, at 5; *Hanlon*, 150 F.3d at 2013; *Levya*, 716 F.3d at 511 (considering plaintiff's individual claim of "less than $10,000" as too low for practicable individual adjudication). Class members would likely find individual claims uneconomical to litigate independently, thus rendering a class action superior to other available methods of adjudication for members of the class at hand. *See* Pl. Mem. 19:20-27; *Hanlon*, 150 F.3d at 2013.

**B.    Fairness of Settlement**

In approving a class action settlement, a court must find that it was "fair, reasonable, and adequate," enabling all class members to be bound. Fed. R. Civ. P. 23(e)(2). Courts consider a variety of factors when assessing the fairness of a class action settlement, including "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Hanlon*, 150 F.3d at 1026; *In re Bluetooth Headset*

1  *Products Liability Litig.*, 654 F.3d 935, 946 (9th Cir. 2011); *Churchill Village, L.L.C. v.*

2  *General Electric*, 361 F.3d 566, 575 (9th Cir. 2004).

3            At the preliminary stage for approval of a settlement agreement the Court need

4  only conduct a brief assessment of the Settlement "for the purpose of resolving any

5  glaring deficiencies before ordering the parties to send the proposal to class members."

6  *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 665 (E.D. Cal. 2008) (citing *Molski v. Gleich*, 318

7  F.3d 937, 953-54 (9th Cir. 2003)). Here, the relevant factors include whether the

8  proposed settlement (1) appears to be the product of arm's length, noncollusive

9  negotiations; (2) contemplates fair fee and incentive awards; (3) was a result of sufficient

10 discovery or investigation; and (4) integrates the adequacy of the experience and views of

11 counsel to the litigation. *See Williams*, 2010 WL 761122, at *5; *Monterrubio v. Best Buy*

12 *Stores, L.P.*, 291 F.R.D. 443, 453-54 (E.D. Cal. 2013).

13            **1.  Product of Noncollusive, Arms-Length Negotiations**

14           A mediator's involvement during the course of settling a class action is evidence of

15 arms-length, non-collusive negotiations. *See Hanlon*, 150 F.3d at 1029; *Gallucci*, 603

16 Fed.Appx. at 534.  The parties mediated the instant case before Judge Infante of JAMS-

17 San Francisco on September 14, 2015. Patterson Decl. ¶ 4. "At the conclusion of the

18 mediation, Judge Infante made a mediator's proposal for a class wide settlement, which

19 was ultimately accepted by all parties." *Id.* Based on the Judge's participation and

20 considering the lack of evidence suggesting collusion, it appears at this time that all

21 negotiations between the parties were made at arm's length.

22            What is not clear by the papers, though, is what will happen to any outstanding

23 money not claimed by the class.  **In the final approval papers, the parties must**

24 **explain what will happen to any unclaimed funds.**

25            **2.  Attorneys' Fees and Incentive Awards**

26                 a.       Attorneys' Fees

27           If attorneys' fees are found unreasonably high in a class action, "the likelihood is

28 that the defendant obtained an economically beneficial concession with regard to the

merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have [been] obtained." *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003). Such a case "has the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class." *Id.* (quoting *Lobatz v. U.S. West Cellular*, 222 F.3d 1142, 1148 (9th Cir. 2000)). Courts often apply the "common fund" doctrine in determining attorneys' fees in class action suits, in which the court grants the class counsel a certain percentage of the common fund calculated for distribution to the entire class. *See Staton*, 327 F.3d at 968. The Ninth Circuit "has established 25% of the common fund as the benchmark award for attorney fees." *Id.* (citing *Hanlon*, 150 F.3d at 1029); *Gallucci v. Gonzalez*, 603 Fed.Appx. 533, 534 (9th Cir. 2015). Because $900,000 represents 25% of $3,600,000—the common fund for distribution to the class in question—the arranged attorney fees in the case at bar are adequately fair under established precedent.

b.    Class Representatives' Incentive Awards

"Incentive awards are payments to class representatives for their service to the class in bringing the lawsuit." *Radcliffe v. Experian Information Solutions Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013). The Ninth Circuit has expressed that in some circumstances incentive awards may be proper, but that district courts should be cautious in awarding them.  *Id.*  Courts should not routinely apply incentive awards and must "scrutinize carefully the awards so that they do not undermine the adequacy of the class representatives." *Id.* Incentive awards produce the risk of rewarding individual members of the class disproportionately to the class as a whole. *See id.* (citing *Staton*, 327 F.3d at 977). "Concerns over potential conflicts may be especially pressing where . . . the proposed service fees greatly exceed the payments to absent class members." *Radcliffe*, 715 F.3d at 1165 (quoting *White v. Experian Info. Solutions, Inc.*, 803 F.Supp.2d 1086, 1112 (C.D.Cal.2011)). "If class representatives expect routinely to receive special awards in addition to their share of the recovery, they may be tempted to accept suboptimal

12

settlements at the expense of the class members whose interests they are appointed to guard." *Staton*, 327 F.3d at 975 (quoting *Weseley v. Spear, Leeds & Kellogg*, 711 F.Supp. 713, 720 (E.D.N.Y.1989)). However, incentive awards that are intended to compensate class representatives for work undertaken on behalf of a class "are fairly typical in class action cases." *In re Online DVD-Rental Antitrust Litigation*, 779 F.3d 934, 943 (9th Cir. 2015).

The Ninth Circuit denied a class action settlement motion when the class representatives' award was premised on support of the settlement. *See Radcliffe*, 715 F.3d at 1164. However, when there are "no structural differences in the claims of the class representatives and the other class members," and when "the amount sought and awarded [is] relatively small . . . within the usual norms of 'modest compensation' paid to class representatives for services performed," class action incentive awards will be permitted. *Online DVD-Rental*, 779 F.3d at 943. In determining fairness of incentive awards, courts must also weigh relevant factors, such as "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions . . . the amount of time and effort the plaintiff expended in pursuing the litigation, and reasonable fears of workplace retaliation." *Staton*, 327 F.3d at 977 (quoting *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)).

As the present incentive awards are not premised on support of the settlement agreement, and the representatives' claims are identical to those of unnamed class members, the remaining issue at bar is whether the class representative incentive award of $7,500 is disproportionately unfair based on the effort expended in pursuing this litigation on behalf of the class. Where class representatives received $5,000 in incentive payments and unnamed class members received approximately $12 each from a total settlement fund of $27,250,000, the Ninth Circuit held that the incentive award was fair. *Online DVD-Rental*, 779 F.3d at 941; *cf. In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (approving an incentive award of $5,000 in a settlement of $1.725 million involving a class of 5,400 members). This Court held that an incentive award of

$30,000 was fair from a settlement agreement of $14,500,000 where plaintiff played an active role in litigation, alleging a total of 120 hours of work and taking a financial risk. *Mirkarimi v. Nevada Property 1, LLC*, No. 12cv2160, 2016 U.S. Dist. WL 795878 at *6 (S.D. Cal. Feb. 29, 2016). California District Courts have emphasized that *preliminary* approval of incentive awards may be granted so long as the incentive award "does not necessarily render the settlement unfair or unreasonable," and is "within the range of possible approval." *Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-0026, 2012 U.S. Dist. LEXIS 166704 at *20 (N.D. Cal. Nov. 20, 2012); *Harris v. Vector Mktg. Corp.*, No. C-08-5198, 2011 U.S. Dist. LEXIS 48878 at *27-29 (N.D. Cal. April 29, 2011).

At this point in this action there is insufficient information to determine that the proposed incentive award of $7,500 for both Plaintiffs is fair. Plaintiffs have offered no information as to whether they were deposed and do not describe the efforts each Plaintiff made or the hours of work each spent in helping to respond to discovery.  Further, counsel provides no information as to plaintiff Mehrazar-Arzani's part in the litigation. Both Plaintiffs seek an equal award, yet there is evidence of more extensive discovery on the part of Plaintiff Manouchehri, who was "actively involved in the litigation…participated in the litigation and discovery and provided important information regarding [her] receipt of text messages from Styles for Less." Patterson Decl. ¶ 2. While this Court needs more detailed evidence as to the number of hours and effort expended by both Plaintiffs, there is sufficient information to *preliminarily* approve this Settlement Agreement, with the expectation that the requested information will be subsequently provided by the parties. *See Young v. Polo Retail, LLC*, No. C-02-4546, 2006 U.S. Dist. LEXIS 81077, at *15-16 (N.D. Cal. Oct. 25, 2006) (preliminarily approving settlement agreement where a $25,000 incentive award compared to a maximum award of $3,000 for unnamed class members raised questions of fairness); *Monterrubio*, 291 F.R.D. at 447-48 (preliminarily approving settlement agreement entitling plaintiff to an incentive award of "up to $7,500" where the average unnamed class member would receive $65.79 in damages when the extent of plaintiff's

1 participation was not fully detailed).

2     The parties are advised that this Court will not approve the incentive award

3 amounts without detailed evidence specific to each Plaintiff, indicating the extent of each

4 representative's role in discovery and litigation. *See Van Vranken v. Atlantic Richfield*

5 *Co.,* 901 F. Supp. 294, 300 (N.D. Cal. 1995) (decreasing the plaintiff's incentive award

6 from $100,000 to $50,000 where plaintiff did not list the number of hours spent toward

7 litigation, but "participated in 49 telephone conferences and five meetings with Class

8 Counsel, attended three pre-trial hearings, had his deposition taken twice, and testified at

9 trial").

10     **3.  Extent of Discovery Completed**

11     Plaintiffs' counsel propounded formal discovery requests after investigating

12 potential claims, "including Interrogatories, Requests for Production, and Requests for

13 Admission," and deposed Defendant under Rule 30(b)(6). Patterson Decl. at 1:10-14.

14 Defendant "responded to the discovery requests and produced responsive documents." *Id.*

15 at 1:12-13. The parties engaged in discovery over the course of eleven months, after

16 which both parties mediated the case before a retired judge, briefing their positions prior

17 to the mediation. *Id.* at 1:16-18; Ex. 1, at 4.

18     It appears that the parties exercised considerable discovery before mediation;

19 however, this Court requires more detailed information concerning the full extent of

20 discovery by both plaintiffs to this action. The Court would like to see the precise number

21 and type of discovery requests, including depositions, so it can determine whether all

22 possible claims were investigated, deliberated, and discussed between the parties, and

23 that agreements were not made in haste or in the absence of relevant information

24 pertaining to the issue at hand. *See Hanlon*, 150 F.3d at 1027. These issues must be

25 addressed by the parties prior to the final fairness hearing in order to finalize this

26 Settlement Agreement. However, this present lack of information does not prevent a

27 *preliminary* approval of the Settlement. *See Monterrubio*, 291 F.R.D. at 454 (where "the

28 parties did not fully complete discovery prior to settlement negotiations, but rather

1  engaged in a process of informal discovery, approval of a class action settlement [was]

2  proper as long as discovery allowed the parties to form a clear view of the strengths and

3  weaknesses of their cases").

### 4.  Experience and Views of Counsel

5  Patterson Law Group, class counsel to plaintiff Manouchehri, focuses on class

6  action litigation, is "recognized as a leader on both the state and national levels," and its

7  attorneys "have successfully served as class counsel, or co-class counsel…recovering

8  hundreds of millions of dollars in benefits for individuals across the country." Patterson

9  Decl. 2:12-18; Ex. 3, at 2. In Patterson's view, the proposed settlement is the best option

10 for the parties, considering "summary judgment, the difficulties of complex litigation, the

11 risk of reversal on appeal, and the potential for delay." Patterson Decl. 1:27-2:1-2.

12 Evan M. Meyers, attorney with McGuire Law, P.C., represents both Plaintiffs.

13 Meyers Decl. 1:5-7. Meyers has "extensive experience in class action lawsuits similar in

14 size and complexity to the instant case…ha[s] served as Class Counsel in multiple class

15 action lawsuits, including TCPA actions…[and] ha[s] intimate knowledge of the law in

16 the field of telecommunications and cellular telephone technology." *Id.* at 1:11-25. In his

17 experienced opinion, based upon "knowledge of the facts and relevant law, including

18 Defendant's potential defenses in this matter…this proposed settlement is fair, reasonable

19 and adequate." *Id.* at 2:20-22.

20 Plaintiffs' Counsel asserts that "[i]f this case does not settle, there are risks that the

21 class may not be certified and that Plaintiffs will face lengthy and expensive litigation,

22 delaying any relief for Class Members, or that Plaintiffs and the Class Members will

23 receive no relief whatsoever." Pl. Mem. 11:10-13. Continued litigation may likely be

24 unproductive and economically detrimental to Plaintiffs and all class members,

25 suggesting the benefit of the present Settlement Agreement.

26 ### C.  Proposed Notice

27 In order to approve a class action settlement agreement, notice must be given "in a

28 reasonable manner to all class members who would be bound by the proposal." Fed. R.

Civ. P. 23(e)(1). Notice provided pursuant to Rule 23(e) must "generally describe the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012) (quoting *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009)). Further, "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

The Settlement Agreement outlines a detailed method of notice for absent class members that satisfies Rule 23(e) and Rule 23(c)(2) requirements. Within seven days after preliminary approval of the settlement, the Defendant will provide class members' contact information available from its records, including names, mailing addresses, telephone numbers, and e-mail addresses. Patterson Decl. Ex. 1, at 7. Within fourteen days after "preliminary approval of the Settlement, the Claims Administrator will mail [a] Summary Class Notice and Claim Form . . . and $15 Voucher Award" to those members whose mailing addresses were on file, and email such forms to those members with only an email address on file. Decl. Ex. 1, at 7; Ex. B; Ex. D. If a form is returned due to incorrect address, "the Claims Administrator will promptly search for a more current address . . . and re-mail" the forms, "taking reasonable steps to trace the mailing address[es]." Patterson Decl. Ex. 1, at 7. Furthermore, "the Claims Administrator will commence a 30-day social media campaign . . . on websites geared to reach the target audience" and will "create and maintain a settlement website containing" the Summary Class Notice and Claim Form available for submittal. Patterson Decl. Ex. 1, at 8. The Class Notice form contains a detailed description of what the lawsuit entailed, reasons for the settlement, and what the class members' options are. *See* Patterson Decl. Ex. A. The Court finds that this plan for providing notice is adequate.

### D.    Proposed Class Counsel and Representatives

Federal Rule of Civil Procedure 23(g)(2) states that "When one applicant seeks

appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4)." "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class. *Radcliffe v. Hernandez*, No. 14-56101, 2016 U.S. App. LEXIS 5691 at *25 (9th Cir. Mar. 28, 2016). Under Rule 23(g)(1), the court must consider:

> (i)  the work counsel has done in identifying or investigating potential claims in the action;
> (ii)  counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii)  counsel's knowledge of the applicable law; and
> (iv)  the resources that counsel will commit to representing the class.

Class counsel has a duty to "fairly and adequately represent the interest of the class," and in addition to the Rule 23(g)(1)(a) factors, the Court may "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4), (g)(1)(B).

The proposed class counsel adequately satisfies Rule 23(g) requirements. Evan M. Meyers, attorney with McGuire Law, P.C., has been involved in this lawsuit "since before its commencement," has "diligently investigated the facts and claims in this matter and ha[s] also dedicated substantial resources to this matter and will continue to do so." Meyers Decl. ¶ 7. Attorneys at McGuire Law, P.C. "have extensive experience in class action lawsuits similar in size and complexity to the instant case" and "have intimate knowledge of the law in the field of telecommunications and cellular telephone technology." *Id.* ¶ 2-4. Meyers has previously been involved in "consumer class actions involving unauthorized telephone calls under the TCPA" and has "been appointed as class counsel in numerous complex consumer class actions," along with other attorneys at McGuire Law, P.C. *Id.* ¶ 4.

Before filing this lawsuit, Patterson Law Group investigated Plaintiff's potential claims. Patterson Decl. ¶ 3. After filing, Patterson Law Group "propounded formal discovery requests, including Interrogatories, Requests for Production, and Requests for

18

Admission" and "also deposed [Defendant] pursuant to Federal Rule of Civil Procedure 30(b)(6)." *Id.* Patterson Law Group "substantially concentrates its practice in the prosecution of class actions" and is "recognized as a leader on both the state and national levels." *Id.* at ¶ 8; Ex. 3. Attorneys at Patterson Law group "have successfully served as class counsel, or co-class counsel . . . recovering hundreds of millions of dollars in benefits for individuals across the country." Patterson Decl. ¶ 8; Ex. 3. "The parties agree that the proposed Class meets the requirements of Federal Rules of Civil Procedure 23 for settlement purposes." Patterson Decl. ¶ 5.

Because the class representatives satisfy the Rule 23(a) requirements of typicality, commonality, and adequate representation, this Court finds that plaintiffs are adequate representatives for this class action. *See  Nursing Home Pension Fund v. Oracle Corp.,* No. C01-00988, 2006 U.S. Dist. LEXIS 94470 at *44 (N.D. Cal. Dec. 20, 2006); *In re DJ Orthopedics, Inc.,*  No. 01-CV-2238-K, 2003 U.S. Dist. LEXIS 21534 at *29 (S.D. Cal. Nov. 16, 2003); *Civil Rights Educ. & Enforcement Ctr. v. Ashford Hospitality Trust, Inc.*, No. 15-cv-00216, 2015 U.S. Dist. LEXIS 170416 at *21 (N.D. Cal. 2015)

## IV.   **Conclusion**

Because the present class action Settlement Agreement satisfies the requirements set forth by Rule 23(a) and 23(b), and provides an adequate means of notice to absent class members, this Court **preliminarily approves** this Settlement Agreement. In addition, this Court approves the appointment of representatives and class counsel to this action. This court, however, requires more detailed evidence as to the extent of discovery completed and both Plaintiffs' roles in the litigation prior to the final fairness hearing. Accordingly, the Court **ADOPTS** the following proposed order submitted by Plaintiffs, **as amended by this Court**:

This Action is pending before this Court as a putative class action.  The named Plaintiffs, Class Counsel, and Defendant Styles for Less, Inc. have applied to this Court for an order preliminarily approving the settlement of this action in accordance with a Class Action Settlement Agreement, which sets forth the terms and conditions for a

proposed settlement and dismissal of the Action with prejudice.  The Court has read and considered the unopposed motion for preliminary approval and supporting documents and now, **ORDERS**:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2. It appears to the Court on a preliminary basis that the Settlement Agreement is fair, adequate, and reasonable. It appears to the Court **at this time** that adequate investigation and research has been conducted, such that counsel for the parties at this time are able to reasonably evaluate their respective positions.  **But the parties must provide further detailed information regarding discovery and the participation of each specific named Plaintiff in the final approval papers, as well as an explanation as to what will happen to any unclaimed funds.**  It further appears to the Court that settlement, at this time, will avoid substantial additional costs by all parties, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. It further appears that the Settlement Agreement has been reached as the result of intensive, serious, and arms-length negotiations with the help of a highly respected mediator, the Honorable Edward A. Infante (Ret.).

3. The Court preliminarily finds that the Settlement Agreement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. Indeed, the Court has reviewed the monetary recovery that is being granted as part of the settlement and preliminarily finds that the monetary settlement awards made available to all putative class members are fair, adequate, and reasonable when balanced against the potential outcomes of further litigation.

4. For settlement purposes only, the Court finds that the prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been preliminarily satisfied. The Court finds that the Class is so numerous that joinder

of all Class Members is impracticable; Plaintiffs' claims are typical of the Class's claims; there are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members; and class certification is superior to other available methods for the fair and efficient adjudication of the controversy. The Court hereby conditionally certifies the following Class for settlement purposes only:

> All consumers who received a text message from Defendant from October 16, 2013 to December 15, 2015, which text message was not made for emergency purposes, was not made by a tax-exempt nonprofit organization, did not deliver a health care message, or was not made with the recipient's prior express written consent.

5. Asal Sally Manouchehri and Pooneh Mehrazar-Arzani are hereby preliminarily appointed and designated, for all purposes, as the representatives for the Class, and the law firms of Patterson Law Group, APC and McGuire Law, P.C., are hereby preliminarily appointed and designated as Class Counsel to act on behalf of Plaintiffs and the Class.

6. Class Counsel is authorized to act on behalf of Class Members with respect to all acts or consents required by, or which may be given pursuant to, the Settlement Agreement, and such other acts reasonably necessary to consummate the Settlement Agreement. Any Class Member may enter an appearance through counsel of his or her own choosing and at his or her own expense. Any Class Member who does not enter an appearance or appear on his or her own will be represented by Class Counsel.

7. A Final Approval Hearing shall be held before this Court on **October 6, 2016 at 2:30 p.m., in Courtroom 1A, Edward J. Schwartz Federal Courthouse, 221 West Broadway, San Diego, California 92101**, to determine all necessary matters concerning the Settlement Agreement, including: whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement

Agreement is fair, adequate, and reasonable and should be finally approved by the Court; whether a Judgment, as provided in the Settlement Agreement, should be entered herein; whether the plan of allocation contained in the Settlement Agreement should be approved as fair, adequate, and reasonable to the Class Members; and to award attorneys' fees and costs, the class representative enhancement award, and settlement administration costs.

8. The Court hereby approves, as to form and content, the Notices to be distributed to Class Members attached as Exhibits A through E to the Settlement Agreement. The Court finds that the distribution of the Notices, in the manner and form set forth in the Settlement Agreement, meets the requirements of Due Process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

9. The Court hereby appoints CPT Group as Settlement Administrator and hereby directs the Settlement Administrator within **30 days after entry of this Order** to mail or cause to be mailed to Class Members the Notice by first class mail, provide email and published notice to Class Members, and create and maintain a settlement website in accordance with the Settlement Agreement.

10. Any Class Member may choose to be excluded from the Class by following the instructions for requesting exclusion, which are set forth in the Notice. Any such request must be postmarked or submitted via the Settlement Website within **75 days of entry of this Order**. Any person who opts to be excluded from the class will not be entitled to any recovery under the Settlement Agreement and will not be bound by the Settlement or have any right to object, appeal, or comment thereon. Class Members who have not requested exclusion shall be bound by all determinations of this Court, by the Settlement Agreement, and by the Judgment.

11. Any Class Member may appear at the Final Approval Hearing and may object to or express his or her views regarding the Settlement Agreement, present evidence, or file papers that may be proper and relevant to the issues to be heard and determined

by the Court as provided in the Notice, provided that the Class Member has served by hand or by first class mail, within 75 days of the date of this Order, written objections to the Settlement Agreement as provided in the Notice. Any Class Member who does not make his or her objection in the manner provided in the Notice shall be deemed to have waived any objections and shall be foreclosed from making any objection to the Settlement Agreement.

12. All papers supporting Plaintiffs' request for an award of attorneys' fees and costs and class representative enhancement award, **which must be supported by further facts as described in this order**, shall be filed no later than 14 calendar days before the Claim Deadline.

13. All papers in support of final approval of the Settlement Agreement shall be filed with the Court and served no later than 14 calendar days before the Final Approval Hearing.

14. The Settlement Agreement is not a concession or admission, and shall not be used against any of the parties as an admission or indication with respect to any claims. Whether or not the Settlement Agreement is fully approved, neither the Settlement Agreement, nor any document, statement, proceeding, or conduct related to the Settlement Agreement, nor any reports or accounts thereof, shall in any event be:

    a. Construed as, offered or admitted in evidence as, received as or deemed to be evidence for any purpose as to the claims or defenses in the Action, including, but not limited to, evidence of a presumption, concession, indication or admission by any party of any liability, fault, wrongdoing, omission, concession or damage; or

    b. Disclosed, referred to, or offered or received in evidence against any of the parties in any further proceeding in the Action, or in any other civil, criminal, or administrative action or proceeding, except for purposes of enforcing the Settlement Agreement.

15. As of the date this Order is signed, all dates and deadlines associated with this

Action shall be stayed, other than those pertaining to the administration of the Settlement of the Action.

16. In the event the Settlement Agreement is not finally approved, or is terminated, cancelled, or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the parties shall revert to their respective positions as or before entering into the Settlement Agreement.

The Court reserves the right to adjourn or continue the date of the Final Approval Hearing and all dates provided for in the Settlement Agreement without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement Agreement.

**IT IS SO ORDERED.**

Dated:  June 20, 2016

Hon. Nita L. Stormes
United States Magistrate Judge

24

14cv2521 NLS